**STATE OF MONTANA,**
              **Plaintiff,**                    **NO. DC 96-2640**
       **vs.**                             **DECISION**

**Coby Christensen,**
              **Defendant.**

On October 23, 1997, Coby Christensen was in fact guilty of the following offenses: a. Sexual Intercourse Without Consent (45-5-503, MCA); b. Sexual Abuse of Children (45-5-625)(1)(b), MCA); c. Sexual Assault (45-5-502(3), MCA); d. Incest (45-5-507(1), MCA); For his conviction of the four felony offenses as herein set out, the Court now imposes its: For his conviction of Sexual Intercourse without Consent, he is sentenced to the custody of the Department of Corrections for a term of thirty (30) years with ten (10) suspended. For his conviction of Sexual Abuse of Children, he is sentenced to the custody of the Department of Corrections for a term of thirty (30) years with ten (10) suspended. For his conviction of Sexual Assault, he is sentenced to the custody of the Department of Corrections for a term of thirty (30) years with ten (10) suspended. For his conviction of Incest, he is sentenced to the custody of the Department of Corrections for a term of thirty (30) years with ten (10) suspended. The four imposed sentences shall run concurrently, and it is the strong recommendation of the Court that the Department make every effort to place the defendant in an appropriate pre-release program to address the sexual problems set forth in the psychological evaluation. Defendant shall be entitled to a credit of 166 days which he served in jail pending disposition of the charges, but he is not to be eligible for parole until he has successfully completed a sex offender program. If and when the defendant becomes eligible for parole under the terms of this sentence,

conditions of parole shall include what is stated in the October 23, 1997 judgment.

On February 19, 1998, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Attorney Vince Kozakiewicz. The state was not represented.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division provides: "The sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (Section 45-18-904(3), MCA.) The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed with the modification that the defendant complete phase I and II of the Sex Offender Treatment Program in the prison before he is eligible for parole.

Reasons for the amendment are because of the assumption that the defendant would likely be placed in an out-patient program because it was omitted from the District Court sentence. The board believes the defendant is a danger to young children by his own statements in the pre-sentence investigation, by his prior conduct both as a juvenile and as stated in Judge Davis's judgment. The protection of society and children mandates that the defendant receive at least Phase I and II in the prison before being released.

Done in open Court this 19th day of February, 1998.

DATED this 12th day of March, 1998.

**Chairman, Hon. Wm. Nels Swandal, Member, Hon. Richard Phillips and Member, Hon. Jeff Langton.**

The Sentence Review Board wishes to thank Attorney Vince Kozakiewicz for representing Coby Christensen in this matter.